NICOT, PLAINTIFF AND APPELLEE, *v.* VALDECILLA ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Ponce in an Action for the Performance of a Contract to Fix Boundaries, and for Damages.

No. 2146.—Decided June 3, 1920.

COMPROMISE—JURISDICTION—SURVEY.—In an action to compel the performance of a compromise agreement whereby the parties undertook to fix the boundary line between their adjoining properties and the defendant agreed to deliver to the plaintiff four of the eight acres of land which, according to the allegation of plaintiff, the defendant was holding without title, the jurisdictional amount in controversy is not the value of the four acres of land, but the value of the properties to be surveyed.

ID.—PARTIES.—In an action for specific performance all the parties to the contract are necessary parties to the action.

ID.—JOINDER.—The expense incurred in making a contract may be claimed in an action by the person suing for its performance.

The facts are stated in the opinion.

*Mr. J. Tous Soto* for the appellants.

*Mr. R. Martínez Nadal* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The following complaint was filed in the District Court of Ponce:

"1. That the plaintiff and the defendants are of age and residents

of Ponce and have legal capacity to sue and to be sued.—2. That plaintiff Rafael Nicot is the owner in fee simple of a rural property in the ward of Portugués, place called Pandura, having an area of 86 acres and adjoining a rural property of defendant Ramón Valdecilla, the description of which is as follows: Tract of land without name in the municipality of Ponce, formerly the ward of Río Chiquito and now Portugués, having an area of 150 acres, more or less, with a frame house roofed with shingles. It is bounded on the west by the Montes Llanos road from a spurge growing near the stump of a *capá* tree and from this boundary on the north by lands formerly belonging to Felícita Tourell, thereafter to Salomé Santiago Díaz, afterwards to the latter's heirs and now to Rafael Nicot y Tourell, to a *liana* tree on the bank of the river; on the east going downstream by the said river to a *guaraguao* tree, and from this point on the south by lands of Elena Mojica and Cornelio Delgado to the spurge which marked the starting point.—3. That Ramón Valdecilla y Córdoba has leased the said property to the other defendant, Eduardo Rivera y León, giving him an option to purchase it.—4. That on account of certain disagreements which arose with regard to the boundary line between the property of the plaintiff and the property of defendant Ramón Valdecilla, on which the other defendant, Eduardo Rivera León, has a lease and an option to purchase, the plaintiff and the defendants, about the month of March, 1915, entered into an agreement for a survey for the purpose of settling the controversy as to eight acres of land of which Valdecilla is in possession and which belong to the parcel of 86 acres belonging to Nicot as described in the second count of the complaint, it being agreed that in order to settle this dispute Nicot would allow Valdecilla an area of four acres out of the tract which Valdecilla is unlawfully holding and that the latter in turn would deliver to Nicot the other four acres of the eight acres detained by Valdecilla, the agreement being made in accordance with the plan made by the surveyor Pedro Clausells in March, 1914, exhibited with this complaint, and the segregation to be made in the following manner: To establish the boundary by a straight line which, beginning at the point marked "white capá" in the plan and ending at the right margin of the Río Chiquito, forms a triangle of an area of four acres with the present boundary line marked in the plan R–251°, ¼ D., 800 m.—5. That in accordance with this agreement Nicot appointed surveyor Jacobo Tur and the defendants surveyor Salich to make the segregation in accordance with the said agreement. That

the said surveyors went to the place where the properties are situated and made the necessary technical work for determining the new boundary line under the agreement, and that after the said line had been established defendant R. Rivera, acting for himself and in the name of Valdecilla, declined to accept the line and without any reason refused to comply with the verbal agreement between the plaintiff and the defendants and has continued to refuse to comply with it up to the date of this complaint, notwithstanding the demands of plaintiff Nicot.—6. That plaintiff Nicot has paid for the services of surveyor Tur and incurred other expenses for the work resulting from the agreement to the amount of one hundred dollars.—Therefore we pray the court to sustain this complaint and enter judgment ordering the defendant to make the survey of the two properties in accordance with the agreement described in the fourth count of this complaint, adjudging that he pay for the services of the surveyors and the other expenses occasioned by the survey, and also the expenses, costs, disbursements and attorney fees of this action."

The defendants demurred to the complaint, but the demurrer was overruled and they answered the complaint denying the facts alleged therein.

After the trial judgment was entered for the plaintiff and from it the defendants have taken the present appeal. From the evidence examined in the lower court they have brought up only the following:

"As appears from uncontroverted evidence of the plaintiff, the value of the land of the properties to be surveyed is between thirty and forty dollars per acre and the respective areas of the properties of the plaintiff and the defendants are 86 and 150 acres."

The first ground pleaded by the appellants in support of a reversal of the judgment is that the lower court erred in taking jurisdiction of the amount in controversy.

In order to dispose of the question raised it is important to determine the kind of action set up in the complaint, for while the lower court and the appellee maintain that it seeks to enforce the performance of a contract to fix the boundary line between two properties, each of which has a value in

excess of five hundred dollars, and that therefore the trial court had jurisdiction of the amount in controversy, the appellants allege, on the contrary, that no question of boundaries is submitted to the court, but only the recovery of four acres of land valued at $160, which sum, together with the $100 claimed for certain expenses, does not reach the amount of $500 which would give the district court jurisdiction of this suit.

The complaint sets up an agreement to fix the boundary line between the two properties and the refusal of the defendants to perform that agreement; therefore we cannot hold, as contended by the appellants, that the action is one to recover four acres of land. Its purpose is to establish, in accordance with the agreement, the boundary line between the two properties, for which reason the value of the four acres of land does not determine the amount in controversy. Not this, but the establishment of the boundary line in accordance with the agreement is the subject-matter of the suit; therefore the lower court did not commit the error assigned.

The second error assigned is that of overruling the demurrer on the ground of misjoinder of parties defendant, because Rivera is not such a party, inasmuch as he is not alleged to have any real right in the property of Valdecilla.

Although the complaint does not allege that defendant Rivera has a real right in the property of Valdecilla, nevertheless as it alleges that ''the defendants,'' or Rivera and Valdecilla, entered into the agreement sought to be enforced, it can not be held that he is not a party to an action demanding the performance of that obligation and that there is a misjoinder of parties defendant.

The third assignment is that the lower court erred in not holding that the complaint was ambiguous because it did not describe the property of the plaintiff. Inasmuch as a

plan was exhibited with the complaint and, according to the agreement, the line to be established was a straight line between two points of the property of defendant Valdecilla, it was sufficient to describe his property and the complaint was not ambiguous for failure to describe the plaintiff's property.

The appellants allege in their fourth ground of appeal that the demurrer of failure to state a cause of action as regards the claim of one hundred dollars paid for the survey, should have been sustained, because it was not alleged that its payment had been agreed upon, or how the obligation to pay it arose.

It appears from the complaint that by virtue of the agreement for the survey the plaintiff employed a surveyor who, together with the defendants' surveyor, surveyed the line agreed upon in the contract and that the defendants refused to accept that survey, the work of the surveyors having become futile on account of the failure of the defendants to live up to the agreement, and from these facts the right of the plaintiff to recover the expense incurred by him is derived.

The last error alleged is that the court below overruled the demurrer of misjoinder of the action for the performance of the contract with the action to recover the one hundred dollars paid to the surveyor for his services.

It is true that the complaint sets up two causes of action —for the performance of the contract and damages for its non-performance by the defendants—but these actions can be joined because the second is a legal consequence of the non-performance of the contract alleged in the first.

The judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.